## Case No. 15,488.

### UNITED STATES v. JOHNSON.

[2 Sawy. 482.] [1]

District Court, D. Oregon. Dec. 20, 1873.

ELECTIONS — BRIBING VOTERS — INDICTMENT — JUDICIAL NOTICE.

1. The court takes notice that the state of Oregon is a representative and judicial district of the United States.

2. An allegation that an election was held at East Portland precinct, equivalent, under the circumstances, to one that an election was held in such precinct.

3. An averment that an election was held in a certain precinct on the day prescribed for holding such election is sufficient, it being presumed, under the circumstances, that such election was legal.

4. Semble, that an allegation that defendant gave B. $2 50 to vote at said election, is sufficiently certain.

[This was an indictment against George W. Johnson, charged with offering a bribe for the purpose of procuring a vote.]

Addison C. Gibbs, for the United States.

Joseph N. Dolph and E. C. Bronaugh, for defendant.

DEADY, District Judge. This indictment was found December 9, and contains but one count. It charges, that on October 13, 1873, at an election held on said day at East Portland precinct, in the county of Multnomah

1 [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

and state of Oregon, for representative in the congress of the United States, the defendant did then and there, knowingly, etc., "give to one Robert Bruce, he, the said Robert Bruce, not having a right to vote at said election, for the reason that the said Bruce had already voted at said election for representative in congress at South Portland precinct, in said county, the sum of $2.50 as a gift, bribe and reward to him, the said Robert Bruce, to vote at said election, so held at East Portland precinct aforesaid, thus preventing the said Robert Bruce from freely exercising the right of suffrage: contrary to the form of the statute, etc."

The defendant demurs to the indictment, because, first, the facts stated do not constitute a crime; second, the crime charged is not triable in the district of Oregon; and, third, it was not found and presented in conformity to the statutes. The indictment is found under section nineteen of the act of May 31, 1870 (18 Stat. 144).

So far as the allegation concerning the preventing of Robert Bruce from freely exercising the right of suffrage is concerned, it is a mere conclusion of law not warranted by the premises, and may be rejected as surplusage. It having been already alleged that Bruce had no right to vote at the election in East Portland precinct, he had no right of suffrage to exercise on that occasion. See U. S. v. Hendric [Cases No. 15,346 and 15,-347].

The indictment without this allegation is similar to the one in U. S. v. Hendric, in which it was held, that the crime of counseling a person to vote who was not qualified to do so, was sufficiently charged by alleging that the defendant knowingly offered a bribe to such person to vote.

On the argument of this case it was further maintained, that the indictment should contain an averment that a legal election was held in East Portland precinct; and it was also objected that it does not appear that the election was held in the district of Oregon, or in the precinct aforesaid, or in any precinct.

The allegation that an election was held at a precinct in the county of Multnomah and state of Oregon, is equivalent to an allegation that such election was held at a precinct in the representative and judicial district of Oregon; the law being, and of this the court takes notice, that said districts and state are identical in area.

So with the allegation that the election in question was held at East Portland precinct. The primary sense of "at" is nearness, but it is also used in the sense of "in"—as "at church, at school, at your house." See Worcest. Dict. In all these instances, and many more that might be mentioned, the word "at" signifies the idea of being in or near the place named, according to circumstances.

True, the act regulating elections only authorizes them to be "held in the several election precincts of the state" (Sess. Laws 1870, p. 80); and such is the language of the constitution (article 2, § 17), where it is declared that "all qualified voters shall vote in the election precinct in the county where they may reside," etc. Yet it appearing that "at" is, in many cases, used in the sense of "in," and this appearing to be one of them, because an election, legal or otherwise, could not be held elsewhere than in an election precinct in the county of Multnomah, it being a presumption of law that such county is divided into election precincts, so that no part of it is not included in one of such precincts, the words are so far equivalent.

It is also objected that it is not alleged that East Portland precinct is, or was, an election precinct. If there were any other precincts known to the constitution and laws of the state there would be force in this objection; but this is not so. In this state a precinct is a political division or part of a county established by the county court for the purpose of holding elections therein, and there is no authority to establish one for any other purpose. But a precinct being established, the law uses it as a convenient division of territory, wherein to permit the election of justices and constables, and the exercise of their jurisdiction and authority. Presumably, then, the East Portland precinct is an election precinct, and an election held there was held in an election precinct.

As to the objection that it is not alleged that the election in question was a legal or duly authorized one, it is admitted that the better mode of stating a matter of this kind is to aver that it was duly held, had or done. But if the facts stated do not warrant the allegation it avails nothing; and conversely, if the facts make a case of prima facie legal election it is sufficient.

The election is not expressly described in the act defining the offense as a legal one. It simply provides "that if at any election for representative in congress" any person shall commit the crime therein defined he shall be punished, etc. Of course, the words of the act are to be construed as only applicable to a legal election, and the same may be said of the same words in the indictment.

No question is made but that the governor had power to authorize and direct that a special election be held on the day named in the indictment, in the several election precincts in the state. Code Or. p. 710, § 50. It is also admitted that the court must take notice of the fact that the executive of the state did call a special election for representative in congress from this district on that day. So much being taken for granted, and it being averred that the alleged illegal act or crime was committed with reference to an election held in said precinct on that day for representative as aforesaid, the most reasonable conclusion is that it is the duly authorized election which is meant and intended, and not an imaginary, illegal one.

Objection is also made that while it is averred that Bruce had already voted at said election for representative, etc., at South Portland precinct, it is not directly averred that an election was held in such precinct on such day. It is questionable whether it was necessary to do more in this indictment than to allege that Bruce had no right to vote at the election in East Portland precinct, without saying why. But if it was necessary to state the reason, I think it was sufficient to say, because he had already voted on that day for representative, etc., without mentioning the precinct or place.

But an election was appointed to be held in the South Portland precinct that day for the same purpose as in the east one, and it being averred that Bruce had voted there, it is implied and presumed that there was an election there.

It must also be borne in mind that the allegations of the indictment relating to the holding of the election of October 13. are all matters of inducement only, and therefore need not be stated with the same particularity and certainty as the description of the offence itself.

Another objection is pressed with some force and plausibility, which is, that the description of the offence is so ambiguously stated, that it is uncertain whether it is intended to charge that the defendant gave to Bruce $2.50 to induce him, the said Bruce, to vote illegally, or to induce him, the said Bruce, to permit the defendant to vote, whether legally or illegally, does not appear.

It must be admitted that the indictment is not as certain as it should be, in this respect. Take the sentence stripped of the qualifying clauses, which somewhat obscure it, and it reads thus: "The defendant did give to Robert Bruce the sum of $2.50 to vote at said election." Taken literally, the allegation is susceptible of either meaning.

But considered with reference to the law of the case, it is probably sufficiently certain that the bribe was given to induce Bruce to vote. Bruce had no power to permit defendant to vote at that election unless he was one of the judges thereof, and that is not alleged, and therefore there could be no object in offering the bribe for that purpose. But it being alleged that Bruce had no right to vote at said election, and it being in the power of the defendant to bribe him to do so, notwithstanding, it is quite certain that the bribe was given to induce the unqualified voter to vote rather than to induce him to permit the defendant to vote, when it does not appear that the former had any power to accept or reject votes at such election.

The demurrer is overruled.

UNITED STATES (JOHNSON v.). See Cases Nos. 7,418 and 7,419.

UNITED STATES v. JOHNSON. See Case No. 14,672.